UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRICOR INDUSTRIAL, INC.**<br>3225 West Old Lincoln Way<br>Wooster, OH  44691<br><br>                              Plaintiff,<br><br>vs.<br><br>**VENTURE ENGINEERING & CONSTRUCTION, INC.**<br>Attn.:  David D. Moniot, President<br>1501 Reedsdale Street, Suite 505<br>Pittsburgh, PA  15233<br><br>and<br><br>**FAIRMONT BRINE PROCESSING, LLC**<br>Attn.:  Brian Kalt, President<br>168 AFR Drive<br>Fairmont, WV  26554,<br><br>                              Defendants. | CIVIL ACTION<br><br>CASE NO.:<br><br>JUDGE:<br><br><br><br><br><br><br><br>**COMPLAINT** |

Now comes Plaintiff, Tricor Industrial, Inc., and for its Complaint, respectfully states as follows:

**PARTIES**

1. Plaintiff Tricor Industrial, Inc. ("Tricor") is a corporation organized under the laws of the State of Ohio that maintains its principal office at 3225 West Old Lincoln Way, Wooster, Ohio 44691 and which is engaged in the business of, among other things, Metal

12283974 _1

Service Center, Aerospace Weld wire distributor and custom fabricator of process equipment for petroleum, chemical, and mining based companies.

2. Defendant Venture Engineering & Construction, Inc. ("Venture") is, upon information and belief, a limited liability company organized under the laws of the Commonwealth of Pennsylvania that maintains a usual place of business at 100 Global View Drive, Suite 600, Warrendale, Pennsylvania, 15086.

3. Defendant Fairmont Brine Processing, LLC ("FBP") is, upon information and belief, a limited liability company organized under the laws of the State of Delaware that maintains a usual place of business at 168 AFR Drive, Fairmont, West Virginia 26554.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and (b) because diversity exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue in this district is based upon 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Tricor's claims occurred in this district and pursuant to the venue provision contained within the terms of the parties' contracts.

## FACTUAL ALLEGATIONS

6. On or about April 21, 2016, Venture issued to Tricor Venture Purchase Order No. C15-1205-1003 C/O 1 of even date ("P.O. -1003") in the total amount of $390,000 in response to Tricor Quotation No. 15-8518 Rev. 7 concerning the fabrication and shipment of one (1) HX-003 for use in connection with the Fairmont Brine Processing Project (the "Project"). A true and

12283974 _1

accurate copy of P.O. -1003 is attached hereto as Exhibit A.

7.      P.O. -1003 required Tricor to progress bill Venture via one invoice for 15% of the purchase price upon completion of Tricor's fabrication of the (1) HX-003 and a second invoice for the balance due under P.O. -1003 upon delivery of same to FBP.  *See*, Exhibit A.

8.      On September 26, 2016, and as specified in P.O. -1003, Tricor issued its Invoice No. 562119 to Venture seeking payment of the sum of $62,265.67, which amount consists of $58,500, which is 15% of the purchase price, and $3,765.67 in freight charges.  A true and accurate copy of Invoice No. 562119 is attached hereto as Exhibit B.

9.      On November 30, 2016, and following Venture's payments of $195,000 and $78,000 against the total purchase price in June 2016, Tricor issued Invoice No. 569679 to Venture, seeking payment of the remaining balance of $58,500.00 due upon P.O. -1003.  A true and accurate copy of Invoice No. 569679 is attached hereto as Exhibit C.

10.     On or about May 23, 2016, Venture issued to Tricor Venture Purchase Order No. C15-1205-1019 of even date ("P.O. -1019") in response to Tricor Quotation No. 15-9363 Rev. 2 concerning the fabrication and field installation of slurry transfer titanium piping for use in connection with the Project.  A true and accurate copy of P.O. -1019 is attached hereto as Exhibit D.

11.     As specified in P.O. -1019, Tricor fabricated and shipped said titanium piping to FBP on August 4, 2016.

12.     Tricor issued its Invoice No. 556242 to Venture, as specified in P.O. -1019, seeking payment of $74,357.50 for the titanium piping and field installation, which amount

12283974 _1

includes $533.50 in freight charges. A true and accurate copy of Invoice No. 556242 is attached hereto as Exhibit E.

13. On August 16, 2016, Tricor issued Credit Memo No. 557583 to Venture for the purpose of removing the $9,950.00 charge for field installation as set forth on Invoice No. 556242, thereby reducing the amount due upon Invoice No. 556242 to $64,407.50. A true and accurate copy of said Credit Memo is attached hereto as Exhibit F.

14. On October 11, 2016, and in response to Venture Purchase Order No. C15-1205-1004, Tricor issued its Invoice No. 564012 to Venture seeking payment in the amount of $27,185.00, which included repair work to the piping and field installation for (1) HX-003, additional re-piping and welding and materials, and additional field work in relation to the Project. A true and accurate copy of Tricor Invoice No. 564012 is attached hereto as Exhibit G.

15. FBP accepted delivery of all of the foregoing goods at its location.

16. FBP accepted the services that Tricor provided at the Project location.

17. Venture accepted delivery of all of the Tricor invoices.

18. All of the forgoing invoices required Venture to remit payment as specified therein upon net thirty (30) day terms.

19. FBP accepted delivery of the Tricor goods and services and did not seasonably notify Tricor of any defect with respect thereto.

20. Through correspondence dated January 12, 2017, FBP notified Tricor that it had taken assignment of certain Venture contracts, including the purchase orders at issue herein, and that FBP thereby assumed responsibility for payments due thereunder. A true and accurate copy

of the January 12, 2017 correspondence is attached hereto as Exhibit H.

21. Despite repeated demands from Tricor, Venture and FBP have both failed to pay Tricor the sum of $212,358.17, which amount is due and owing upon the forgoing invoices and as specified upon the Statement that is attached hereto as Exhibit I.

## COUNT I
## BREACH OF CONTRACT

22. Tricor re-alleges and incorporates the statement and allegations set forth in paragraphs 1 through 21 of this Complaint as if fully re-written herein.

23. Tricor, on the one hand, and Venture and FBP, on the other hand, entered into contracts, as evidenced by the purchase orders and invoices described herein and filed herewith, under which Tricor agreed to fabricate and deliver goods and services for which Venture and FBP agreed to pay.

24. Tricor delivered conforming goods and services to Venture and FBP, both of which benefited the Project, Venture and FBP, and Tricor has otherwise satisfied all conditions of the contracts.

25. Venture and FBP have failed to pay for the goods and services that it received from Tricor and have thus breached the contracts.

26. As a direct result of the Venture's and FBP's failure to pay for the goods and services that Tricor provided to the Project, Tricor has incurred damages in the current aggregate amount of $212,358.17.

## COUNT II
### Liability on Account

27. Tricor re-alleges and incorporates the statement and allegations set forth in paragraphs 1 through 26 of this Complaint as if fully re-written herein.

28. Tricor provided goods and services on account to Venture and FBP, the value of which is $212,358.17.

29. Tricor timely invoiced Venture as required under the subject contracts; however, neither Venture nor FBP have tendered payment to Tricor.

30. As a result, Trico has been directly damaged by Venture's and FBP's failure to pay for the goods and services received in the amount of $212,358.17, which amount is set forth upon the invoices described herein and filed herewith.

## COUNT III
### Unjust Enrichment

31. Tricor re-alleges and incorporates the statement and allegations set forth in paragraphs 1 through 30 of this Complaint as if fully re-written herein.

32. Tricor has supplied goods and services to Venture and FBP, the value of which is $212,358.17.

33. Tricor delivered and provided its goods and services to Venture and FBP with the expectation of being paid therefor.

34. Venture and FBP accepted the goods and services with full knowledge that Tricor expected to be paid pursuant to the contracts, as evidenced by the purchase orders and invoices at issue herein.

12283974 _1

35. Venture and FBP received the benefits of Tricor's goods and services while simultaneously refusing to tender payment therefor. As a consequence, Venture and FBP have been unjustly enriched to the detriment and expense of Tricor in the amount of $212,358.17.

**FOR THESE REASONS,** Plaintiff Tricor Industrial, Inc. respectfully seeks entry of judgment in the amount of $212,358.17 against Defendants Venture Engineering & Construction, Inc. and Fairmont Brine Processing, LLC, jointly and severally, together with post-judgment interest thereon, the costs of this action, and for such other and further relief as the Court deems appropriate in this matter.

Respectfully submitted,

/s/ Timothy B. Pettorini
Timothy B. Pettorini (Pa Reg. 308615)
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, Ohio 44308
Tel: (330) 376-2700
Fax: (330) 376-4577
*Attorney for Plaintiff*
*Tricor Industrial, Inc.*

1793531 v_01 \ 000000.0901

12283974 _1